UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| AMIR HAMIDI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14CV00087 ERW |
| ) | |
| CITY OF KIRKSVILLE, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants City of Kirksville, Missouri and Brad Selby's Motion to Dismiss Counts II, III, and IV of Plaintiff's Amended Complaint [ECF No. 20].

**I.     BACKGROUND**

Plaintiff Amir Hamidi ("Plaintiff") initiated this lawsuit by filing a complaint on September 2, 2014 [ECF No. 1]. On February 27, 2015, Plaintiff filed an Amended Complaint [ECF No. 16]. On March 16, 2015, Defendants City of Kirksville, Missouri ("Defendant Kirksville") and Brad Selby ("Defendant Selby") filed their pending Motion to Dismiss [ECF No. 20] for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) seeking to dismiss Counts II, III, and IV of Plaintiff's Amended Complaint. For purposes of this Motion to Dismiss, the Court accepts as true the following facts alleged in Plaintiff's Complaint. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010).

Plaintiff, a resident of Kirksville, is an Iranian-American and practicing Muslim of Persian ancestry [ECF No. 16]. Plaintiff owns a used goods resale shop in Kirksville. In 2010,

Plaintiff purchased a house and lot, initially renting it but with the plan of eventually converting the house into a retail store and moving his business from its current location. The property would need to be rezoned under Plaintiff's plan.

Defendant Brad Selby is the Planning and Coding Director of Kirksville. According to the Complaint, in 2010, Defendant Selby began accusing Plaintiff of code violations, many of which were not in the Kirksville Municipal Code. Defendant Selby prevented Plaintiff from holding yard sales on his property, even though there was no ordinance or municipal code policy prohibiting such sales. Plaintiff complained to City Manager Marie Macomber about Defendant Selby's actions. A public vote was held via public utility water bills, as to whether or not yard sales should be permitted in Kirksville. The public voted against such a prohibition. Subsequent to the vote, City Manager Macomber advised Plaintiff he could only hold yard sales twice a month on his property.

Sometime in 2011 or 2012, Defendant Selby sent Plaintiff a letter demanding Plaintiff remove snow from his sidewalk or face sanctions. None of Plaintiff's neighbors received similar letters. When Plaintiff confronted Defendant Selby, he admitted he had not inspected Plaintiff's property before sending the letter. During this time period, Defendant Selby forbid Plaintiff's tenants from holding yard sales.

In March 2013, Plaintiff filed an application to rezone his property with Defendant Selby. On March 11, 2013, Plaintiff received a letter from Defendant Selby after Defendant Selby inspected the property and discovered construction materials on Plaintiff's property. The letter requested the "rubbish" on Plaintiff's property be removed or sanctions would be imposed. On April 10, 2013, the Kirksville Planning and Zoning Commission ("Commission") held an official hearing at Kirksville City Hall to decide if they would recommend the rezoning of Plaintiff's

property from "residential" to "low density corridor zone" to the City Council.  At the hearing, the Commission recognized Plaintiff's property had enough "points" to qualify for a recommendation of rezoning.[1]  To qualify for rezoning to a "low density corridor zone," as Plaintiff requested, a lot needs 250 points.  The Commission found Plaintiff's lot had 275 points.  The Commission approved a motion to rezone Plaintiff's property subject to the following stipulations:  1) any and all sale materials be kept inside buildings, 2) any sign for the business be attached to the building, 3) entrance and parking meet city requirements, 4) if lighting is used, only low wattage lighting is permitted, and 5) if requested by neighbors, a six-foot privacy fence be built.  According to Plaintiff, the Kirksville Municipal Code specifically lists privileges and limitations of low density corridor zone property, as to signage, and the Commission's stipulations are contrary to the Municipal Code requirements.  Defendant Selby approached Plaintiff and required him to sign-off on the stipulations or the Commission would not recommend rezoning.

     Plaintiff asserts four counts against Defendants.  In Count I, Plaintiff asserts Defendants violated 42 U.S.C. § 1983 by depriving Plaintiff of equal protection of the law in violation of the Fourteenth Amendment.  In Count II, Plaintiff alleges an unlawful discriminatory practice in a place of public accommodation in violation of Missouri Revised Statute § 213.065 claiming Defendants discriminated against him on the basis of his religion.  In Count III, Plaintiff alleges an unlawful discriminatory practice in a place of public accommodation in violation of Missouri Revised Statute § 213.065, claiming Defendants discriminated against him on the basis of his national origin.  In Count IV, Plaintiff alleges an unlawful discriminatory practice in violation of

---

[1] The Kirksville Planning and Zoning Commission uses a point value system to determine whether to recommend a property be rezoned.  A property must meet the minimum number of points for the Commission to recommend rezoning to the City Council.  The point values correspond to various property attributes such as the size of the lot, location, etc.

Missouri Revised Statute § 213.070, claiming Defendants retaliated against him for filing a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and Equal Employment Opportunity Commission ("EEOC"), and for refusing to agree to the Commission's stipulations for rezoning Plaintiff's property. Plaintiff requests the Court require Defendants to rezone Plaintiff's property without stipulations not contained in the Kirksville Municipal Code, award Plaintiff compensatory and punitive damages, attorney's fees and costs, and other such relief the Court deems appropriate. Defendants now seek to dismiss Plaintiff's claims on Counts II, III, and IV.

## II.     STANDARD

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must grant all reasonable

inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

## III. DISCUSSION

### A. *Counts II and III, Missouri Revised Statute § 213.065*[2]

Defendants assert the denial of the full and equal enjoyment of the law does not amount to a denial of a full and equal enjoyment of a place of public accommodation as prohibited by Missouri Revised Statute § 213.065 [ECF No. 21]. Defendants argue Plaintiff does not allege he was discriminated against through denial of a public accommodation beyond the fact the rezoning decision took place in City Hall. According to Defendants, the core of Plaintiff's claims is the denial of the full and equal enjoyment of the benefits of the municipal code which does not rise to a denial of a public accommodation. In response, Plaintiff asserts he has not designated the municipal code as a place of public accommodation but has instead named City Hall. Plaintiff contends the relevant question is whether he has pled sufficient facts. and he has done so because he has pled the discrimination occurred in City Hall, a place of public accommodation.

Missouri Revised Statute § 213.065 states:

"1. All persons within the jurisdiction of the state of Missouri are free and equal and shall be entitled to the full and equal use and enjoyment within this state of any place of public accommodation, as hereinafter defined, without discrimination or segregation on the grounds of race, color, religion, national origin, sex, ancestry, or disability. 2. It is an unlawful discriminatory practice for any person, directly or indirectly, to refuse, withhold from or deny any other person, or to attempt to refuse, withhold from or deny any other person, any of the accommodations, advantages, facilities, services, or privileges made available in any place of public

---

[2] In Count II, Plaintiff alleges a violation of Missouri Revised Statute § 213.065 claiming discrimination on the basis of religion. In Count III, Plaintiff alleges a violation of the same statute, claiming discrimination on the basis of his national origin. For purposes of this motion to dismiss, the analysis for the two counts is the same as both are alleging violations of § 213.065.

> accommodation, as defined in section 213.010, and this section, or to segregate or discriminate against any such person in the use thereof on the grounds of race, color, religion, national origin, sex, ancestry, or disability."

Section 213.010 defines places of public accommodation and includes in its definition "any public facility owned, operated or managed by or on behalf of this state or any agency or subdivision thereof . . ." Mo. Rev. Stat. § 213.010(e).

Plaintiff has alleged the discrimination against him occurred in a place of public accommodation, Kirksville City Hall, because the hearing on his rezoning application took place in City Hall. The issue is not whether Kirksville City Hall is a place of public accommodation, as it clearly is, nor is it whether a city ordinance is a place of public accommodation, as it clearly is not. The issue is whether a public entity's alleged discriminatory application of an ordinance constitutes a claim under Missouri Revised Statute § 213.065, when the decision regarding the ordinance was made in a place of public accommodation.

Missouri Revised Statute § 213.065 was enacted in the interest of public welfare, thus it is a remedial statute and must be given a broad interpretation. *Mo. Comm'n on Human Rights v. Red Dragon Rest., Inc.*, 991 S.W.2d 161, 167 (Mo. Ct. App. 1999). However, even under a broad interpretation of the statute, Plaintiff's claim does not constitute discrimination in a place of public accommodation. Simply because the allegedly discriminatory decision was made by the Commission in City Hall does not mean Plaintiff was denied any of the "accommodations, advantages, facilities, services or privileges" made available in City Hall. The opposite occurred. Plaintiff's application was heard by the Commission and he had access to a service provided by City Hall. Although he may disagree with the result of the hearing, and the decision may constitute a discrimination claim under a different statute or the Constitution, he was not denied "full and equal use and enjoyment" of City Hall. If Plaintiff had not been allowed to file

an application for rezoning, or if he was denied a hearing, the result may be different. Plaintiff argues he sought a service from Defendants at City Hall, the certification to rezone his property, and was denied this service. While Plaintiff sought certification to rezone his property from the Commission, the service he was accessing at City Hall was not the certification, but consideration of his application of certification for rezoning his property, which he received. Therefore, Plaintiff's claim is actually alleging discriminatory application of the ordinance.

The most applicable case to Plaintiff's situation is *Coleman v. Carnahan*. 312 S.W.3d 377 (Mo. Ct. App. 2010). In *Coleman*, the plaintiff brought suit against the Missouri Secretary of State and the former Chief Enforcement Counsel of the Securities Division, under Section 213.065, after an investigation was opened into plaintiff's business dealings and proceedings were instituted to revoke his license. *Id*. at 379. The plaintiff alleged the specific public accommodation denied was "the securities laws of the State of Missouri." *Id*. The Missouri Court of Appeals, Eastern District of Missouri, held Missouri securities laws do not constitute a "place" for purposes of public accommodation discrimination. *Id*. at 380. The plaintiff argued the physical office of the Secretary of State falls within the definition of a place of public accommodation. The Court rejected this argument and found plaintiff did not state a claim because ". . . Appellants do not allege that they were denied access to the premises of Respondents' office or that they were subject to discrimination on Respondents' premises." *Id*.

While in this case, Plaintiff has stated the discrimination occurred at City Hall, the analysis in *Coleman* applies here. Simply including an allegation the discrimination occurred in a place of public accommodation does not change the basis of the claim. The basis of Plaintiff's claim is the rezoning ordinance was applied in a discriminatory manner, as such it does not qualify as public accommodation discrimination under Missouri Revised Statute § 213.065.

Plaintiff's claims against Defendants on Counts II and III will be dismissed.

### B. Count IV – Missouri Revised Statute § 213.070

Defendants argue Count IV should be dismissed because Plaintiff fails to plead his cause of action in accordance with the standards established in *Ashcroft v. Iqbal*, and because he cannot establish he opposed a practice prohibited by Chapter 213, because Defendants did not engage in any prohibited practice under Chapter 213 [ECF No. 21]. Plaintiff asserts he has properly pled retaliation under Missouri Revised Statute § 213.070, because he alleged Defendants retaliated against him because he filed a complaint with the MCHR, and because he opposed a practice prohibited by the statute in which Defendants were engaging [ECF No. 23].

Missouri Revised Statute § 213.070(2) states it is an unlawful discriminatory practice to:

> "retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing conducted pursuant to this chapter."

Plaintiff alleged in Count IV he engaged in activities protected by the statute because he filed a charge of discrimination with the MCHR and EEOC; he opposed the stipulations proposed by the Commission, and he refused to sign Defendant Selby's approval document [ECF No. 16]. Further, Plaintiff alleged as a result of his opposition, and the filing of his complaint with the MCHR and EEOC, Defendants have inspected his property more regularly and with greater scrutiny, and a letter was mailed to him threatening to fine him for planting flowers [ECF No. 16]. Plaintiff has sufficiently pled a claim for retaliation under Section 213.070.

The statute lists two situations in which retaliation can occur: 1) because a person has opposed a practice prohibited by Chapter 213 or 2) because a person filed a complaint, testified, or participated in an investigation, proceeding or hearing conducted pursuant to Chapter 213. Mo. Rev. Stat. § 213.070. To prove a violation, a plaintiff alleging unlawful retaliation must

Plaintiff's claims against Defendants on Counts II and III will be dismissed.

### B. Count IV – Missouri Revised Statute § 213.070

Defendants argue Count IV should be dismissed because Plaintiff fails to plead his cause of action in accordance with the standards established in *Ashcroft v. Iqbal*, and because he cannot establish he opposed a practice prohibited by Chapter 213, because Defendants did not engage in any prohibited practice under Chapter 213 [ECF No. 21]. Plaintiff asserts he has properly pled retaliation under Missouri Revised Statute § 213.070, because he alleged Defendants retaliated against him because he filed a complaint with the MCHR, and because he opposed a practice prohibited by the statute in which Defendants were engaging [ECF No. 23].

Missouri Revised Statute § 213.070(2) states it is an unlawful discriminatory practice to:

> "retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing conducted pursuant to this chapter."

Plaintiff alleged in Count IV he engaged in activities protected by the statute because he filed a charge of discrimination with the MCHR and EEOC; he opposed the stipulations proposed by the Commission, and he refused to sign Defendant Selby's approval document [ECF No. 16]. Further, Plaintiff alleged as a result of his opposition, and the filing of his complaint with the MCHR and EEOC, Defendants have inspected his property more regularly and with greater scrutiny, and a letter was mailed to him threatening to fine him for planting flowers [ECF No. 16]. Plaintiff has sufficiently pled a claim for retaliation under Section 213.070.

The statute lists two situations in which retaliation can occur: 1) because a person has opposed a practice prohibited by Chapter 213 or 2) because a person filed a complaint, testified, or participated in an investigation, proceeding or hearing conducted pursuant to Chapter 213. Mo. Rev. Stat. § 213.070. To prove a violation, a plaintiff alleging unlawful retaliation must

Plaintiff's claims against Defendants on Counts II and III will be dismissed.

### B. *Count IV – Missouri Revised Statute § 213.070*

Defendants argue Count IV should be dismissed because Plaintiff fails to plead his cause of action in accordance with the standards established in *Ashcroft v. Iqbal*, and because he cannot establish he opposed a practice prohibited by Chapter 213, because Defendants did not engage in any prohibited practice under Chapter 213 [ECF No. 21]. Plaintiff asserts he has properly pled retaliation under Missouri Revised Statute § 213.070, because he alleged Defendants retaliated against him because he filed a complaint with the MCHR, and because he opposed a practice prohibited by the statute in which Defendants were engaging [ECF No. 23].

Missouri Revised Statute § 213.070(2) states it is an unlawful discriminatory practice to:

> "retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing conducted pursuant to this chapter."

Plaintiff alleged in Count IV he engaged in activities protected by the statute because he filed a charge of discrimination with the MCHR and EEOC; he opposed the stipulations proposed by the Commission, and he refused to sign Defendant Selby's approval document [ECF No. 16]. Further, Plaintiff alleged as a result of his opposition, and the filing of his complaint with the MCHR and EEOC, Defendants have inspected his property more regularly and with greater scrutiny, and a letter was mailed to him threatening to fine him for planting flowers [ECF No. 16]. Plaintiff has sufficiently pled a claim for retaliation under Section 213.070.

The statute lists two situations in which retaliation can occur: 1) because a person has opposed a practice prohibited by Chapter 213 or 2) because a person filed a complaint, testified, or participated in an investigation, proceeding or hearing conducted pursuant to Chapter 213. Mo. Rev. Stat. § 213.070. To prove a violation, a plaintiff alleging unlawful retaliation must

show he engaged in a protected activity and as a direct result, suffered damages.[3] *Williams v. City of Marston*, 857 F.Supp.2d 852, 562 (E.D. Mo. 2012) (citing *Keeney v. Hereford Concrete Prods.*, 911 S.W.2d 622, 625 (Mo. 1995)). Plaintiff has alleged he engaged in two protected activities, and as a direct result, he suffered damages. Although this Court has found Defendants actions do not constitute a claim for public accommodation discrimination, Plaintiff's allegation he was retaliated against, because he filed a complaint, still stands. Nothing in the statute suggests the complaint upon which the retaliation is based must have merit in a future lawsuit. Plaintiff has pled he filed a complaint with the EEOC and MCHR and he has listed adverse consequences he has suffered as a result. At this stage in the proceedings, that is enough. Plaintiff has sufficiently pled a claim for retaliation.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants City of City of Kirksville, Missouri and Brad Selby's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 20] is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiff Amir Hamidi's claims against Defendants City of Kirksville, Missouri and Brad Selby on Counts II and III are **DISMISSED, without prejudice**.

Dated this 28th Day of April, 2015.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] This standard differs from the federal standard for retaliation under Title VII, 42 U.S.C. § 2000e-3(a). *Keeney v. Hereford Concrete Prods.*, 911 S.W.2d 622, 625 (Mo. 1995).