UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| AMIR HAMIDI, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 2:14CV00087 ERW |
|  | ) |  |
| CITY OF KIRKSVILLE, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint [ECF No. 38], and Motion for Leave to Add Additional Parties [ECF No. 39].

**I.   BACKGROUND**

Plaintiff Amir Hamidi ("Plaintiff") initiated this lawsuit by filing a complaint on September 2, 2014 [ECF No. 1]. On February 27, 2015, Plaintiff filed an Amended Complaint [ECF No. 16]. On March 16, 2015, Defendants City of Kirksville, Missouri ("Defendant Kirksville") and Brad Selby ("Defendant Selby") filed a Motion to Dismiss [ECF No. 20] for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) seeking to dismiss Counts II, III, and IV of Plaintiff's Amended Complaint. The Court dismissed Counts II and III against Defendants on April 28, 2015. The following are the allegations included in Plaintiff's First Amended Complaint.

Plaintiff, a resident of Kirksville, is an Iranian-American and practicing Muslim of Persian ancestry [ECF No. 16]. Plaintiff owns a used goods resale shop in Kirksville. In 2010, Plaintiff purchased a house and lot, initially renting it but with the plan of eventually converting

the house into a retail store and moving his business from its current location.  The property would need to be rezoned under Plaintiff's plan.

Defendant Brad Selby is the Planning and Coding Director of Kirksville.  According to the Complaint, in 2010, Defendant Selby began accusing Plaintiff of code violations, many of which were not in the Kirksville Municipal Code.  Defendant Selby prevented Plaintiff from holding yard sales on his property, even though there was no ordinance or municipal code policy prohibiting such sales.  Plaintiff complained to City Manager Marie Macomber about Defendant Selby's actions.  A public vote was held via public utility water bills, as to whether or not yard sales should be permitted in Kirksville.  The public voted against such a prohibition.  Subsequent to the vote, City Manager Macomber advised Plaintiff he could only hold yard sales twice a month on his property.

Sometime in 2011 or 2012, Defendant Selby sent Plaintiff a letter demanding Plaintiff remove snow from his sidewalk or face sanctions.  None of Plaintiff's neighbors received similar letters.  When Plaintiff confronted Defendant Selby, he admitted he had not inspected Plaintiff's property before sending the letter.  During this time period, Defendant Selby forbid Plaintiff's tenants from holding yard sales.

In March 2013, Plaintiff filed an application to rezone his property with Defendant Selby.  On March 11, 2013, Plaintiff received a letter from Defendant Selby after Defendant Selby inspected the property and discovered construction materials on Plaintiff's property.  The letter requested the "rubbish" on Plaintiff's property be removed or sanctions would be imposed.  On April 10, 2013, the Kirksville Planning and Zoning Commission ("Commission") held an official hearing at Kirksville City Hall to decide if they would recommend the rezoning of Plaintiff's property from "residential" to "low density corridor zone" to the City Council.  At the hearing,

the Commission recognized Plaintiff's property had enough "points" to qualify for a recommendation of rezoning.[1] To qualify for rezoning to a "low density corridor zone," as Plaintiff requested, a lot needs 250 points. The Commission found Plaintiff's lot had 275 points. The Commission approved a motion to rezone Plaintiff's property subject to the following stipulations: 1) any and all sale materials be kept inside buildings, 2) any sign for the business be attached to the building, 3) entrance and parking meet city requirements, 4) if lighting is used, only low wattage lighting is permitted, and 5) if requested by neighbors, a six-foot privacy fence be built. According to Plaintiff, the Kirksville Municipal Code specifically lists privileges and limitations of low density corridor zone property, as to signage, and the Commission's stipulations are contrary to the Municipal Code requirements. Defendant Selby approached Plaintiff and required him to sign-off on the stipulations or the Commission would not recommend rezoning.

In Plaintiff's Second Amended Complaint, Plaintiff seeks to add Mari Macomber, Kirksville City Manager, Bob Russel, City Council Representative, Mike Labeth, Chairman of the City of Kirksville Planning and Zoning Commission, David Jacobs, Member of the City of Kirksville Planning and Zoning Commission, Clark Wilson, Member of the City of Kirksville Planning and Zoning Commission, and Troy Paino, President of Truman State University as defendants. The Second Amended Complaint asserts five counts against all Defendants: (1) Equal Protection under the Fourteenth Amendment; (2) Conspiracy to Interfere with Civil Rights under the Fourteenth Amendment and 42 U.S.C. § 1985(3); (3) Failure to Prevent a Conspiracy to Interfere with Civil Rights under 42 U.S.C. § 1986; (4) Unlawful Discriminatory Practice,

---

[1] The Kirksville Planning and Zoning Commission uses a point value system to determine whether to recommend a property be rezoned. A property must meet the minimum number of points for the Commission to recommend rezoning to the City Council. The point values correspond to various property attributes such as the size of the lot, location, etc.

Retaliation pursuant to Missouri Revised Statute § 213.070; and (5) Denial of Equal Rights Under the Law pursuant to 42 U.S.C. § 1981.

## II.     STANDARD

Federal Rule of Civil Procedure 15(a) governs amendment of pleadings.  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).  Under Rule 15(a), when leave to amend is not sought "as a matter of course,"- i.e., before being served with a responsive pleading or within 20 days after serving the pleading if no responsive pleading is allowed and trial has not yet been set, *see* Fed. R. Civ. P. 15(a)(1) - leave to amend pleadings should still be "freely given when justice so requires."  See Fed. R. Civ. P. 15(a)(2).  Even under this standard, however, "[a] district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.' " *Sherman*, 532 F.3d at 715 (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005); *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).

## III.    DISCUSSION

Plaintiff seeks leave to add several defendants and new claims and states there has not been undue delay, Defendants will not be prejudiced, and his amendments are not futile. Defendants oppose Plaintiffs request stating Plaintiff has made an effort to cause undue delay and failed to cure deficiencies in previous amendments.  Defendants assert Plaintiff has not conducted any discovery, therefore, the new allegations in the complaint were known to Plaintiff when the lawsuit was filed.

Plaintiff filed his motion to amend the complaint within the deadline to amend pleadings in the Case Management Order [ECF No. 36]. There is no indication Plaintiff has missed any other deadlines. Although Plaintiff did not disclose any experts by the deadline for disclosure of experts, Plaintiff stated he did not have any experts to disclose. Although Defendants suggest Plaintiff is attempting to cause undue delay through these requests, the Court finds no evidence of such suggestion. As such, the Court will allow Plaintiff's request to file a Second Amended Complaint and to add parties, except as it applies to Troy Paino.

Plaintiff's Second Amended Complaint contains conclusory allegations as to Mr. Paino and provides no factual basis for including him in this lawsuit. The only allegations which are not conclusory as to Mr. Paino are paragraphs 81, 104, and 131 stating Mr. Paino called Defendant LaBeth regarding his opposition to Plaintiff's request for rezoning because it would increase auto traffic to a dangerous level. These allegations are insufficient, and any claims against Mr. Paino would quickly be dismissed if such an amendment were allowed. It is futile and the Court will not permit such an amendment.

The parties shall file an amended case management order within thirty days of this order accommodating the amendment and addition of parties, should any dates need to be extended.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Plaintiff's Second Amended Complaint [ECF No. 38], and Motion for Leave to Add Additional Parties [ECF No. 39] are **GRANTED, in part, and DENIED, in part.**

So Ordered this 21st day of October, 2015.

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**