UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| AMIR HAMIDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14CV00087 ERW |
| | ) | |
| CITY OF KIRKSVILLE, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants City of Kirksville, Missouri and Brad Selby's Motion to Dismiss Counts I, II, III, and VI of Plaintiff's Second Amended Complaint [ECF No. 55], and Defendants Mary Macomber, Bob Russel, Mike LaBeth, David Jacobs, and Clark Wilson's Motion to Dismiss Counts I, II, III, and VI of Plaintiff's Second Amended Complaint [ECF No. 68].

**I.     BACKGROUND**

Plaintiff Amir Hamidi ("Plaintiff") initiated this lawsuit by filing a complaint on September 2, 2014 [ECF No. 1]. On December 2, 2015, Plaintiff filed a Second Amended Complaint ("Complaint") [ECF No. 54]. On December 16, 2015, Defendants City of Kirksville, Missouri ("Kirksville") and Brad Selby ("Selby") filed their pending Motion to Dismiss [ECF No. 55] for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6) seeking to dismiss Counts I, II, III, and VI of Plaintiff's Second Amended Complaint. On December 31, 2016, after being served with the Complaint, Defendants Mary Macomber ("Macomber"), Bob Russel ("Russel"), Mike LaBeth ("LaBeth"), David Jacobs

("Jacobs"), and Clark Wilson ("Wilson") filed their Motion to Dismiss [ECF No. 68] asserting the same arguments. For purposes of this Motion to Dismiss, the Court accepts as true the following facts alleged in Plaintiff's Complaint. *Great Rivers Habitat Alliance v. Fed. Emergency Mgmt. Agency*, 615 F.3d 958, 988 (8th Cir. 2010).

Plaintiff, a resident of Kirksville, is an Iranian-American and practicing Muslim of Persian ancestry [ECF No. 54]. Plaintiff owns a used goods resale shop in Kirksville. In 2010, Plaintiff purchased a house and lot located at 1010 Normal Street, Kirksville, Missouri, initially renting it out but with the plan of eventually converting the house into a retail store and moving his business from its current location, 508 North Marion. The property would need to be rezoned under Plaintiff's plan.

Defendant Brad Selby is the Planning and Coding Director of Kirksville. According to the Complaint, in 2010, Selby began accusing Plaintiff of code violations, many of which were not in the Kirksville Municipal Code. Selby prevented Plaintiff from holding yard sales on his property, even though there was no ordinance or municipal code policy prohibiting such sales. Selby continued to threaten Plaintiff with sanctions for holding yard sales. Plaintiff complained to City Manager Marie Macomber about Selby's actions. A public vote was held, via public utility water bills, as to whether or not yard sales should be permitted in Kirksville. The public voted against such a prohibition. Subsequent to the vote, Macomber advised Plaintiff he could only hold yard sales twice a month on his property.

Sometime in 2011, or 2012, Selby sent Plaintiff a letter demanding Plaintiff remove snow from his sidewalk or face sanctions. None of Plaintiff's neighbors received similar letters. When Plaintiff confronted Selby, he admitted he had not inspected Plaintiff's property before sending the letter. During this time period, Selby forbid Plaintiff's tenants from holding yard sales.

2

In March 2013, Plaintiff filed an application to rezone his property with Selby. On March 11, 2013, Plaintiff received a letter from Selby after Selby inspected the property and discovered construction materials on Plaintiff's property. The letter requested the "rubbish" on Plaintiff's property be removed or sanctions would be imposed. On April 10, 2013, the Kirksville Planning and Zoning Commission ("Commission") held an official hearing at Kirksville City Hall to decide if they would recommend to the City Council the rezoning of Plaintiff's property from "residential" to "low density corridor zone." At the hearing, the Commission recognized Plaintiff's property had enough "points" to qualify for a recommendation of rezoning.[1] To qualify for rezoning to a "low density corridor zone," as Plaintiff requested, a lot needs 250 points. The Commission found Plaintiff's lot had 275 points. The Commission approved a motion to rezone Plaintiff's property subject to the following stipulations: 1) any and all sale materials be kept inside buildings, 2) any sign for the business be attached to the building, 3) entrance and parking meet city requirements, 4) if lighting is used, only low wattage lighting is permitted, and 5) if requested by neighbors, a six-foot privacy fence be built. According to Plaintiff, the Kirksville Municipal Code specifically lists privileges and limitations of low density corridor zone property, and the Commission's stipulations are contrary to the Municipal Code requirements.

At the meeting, Mike LaBeth, chairman of the Commission, stated he received a phone call from Truman State University President Troy Paino ("Paino") stating his opposition to Plaintiff's request for rezoning. LaBeth stated Paino's reasoning was the rezoning would increase auto traffic to a dangerous level. Neither Paino nor LaBeth proffered any statistical

---

[1] The Kirksville Planning and Zoning Commission uses a point value system to determine whether to recommend a property be rezoned. A property must meet the minimum number of points for the Commission to recommend rezoning to the City Council. The point values correspond to various property attributes such as the size of the lot, location, etc.

evidence regarding this belief, nor did they suggest any other business along the same thoroughfare should be restricted. When Plaintiff's request was brought to a vote, David Jacobs, a member of the Commission, asked Selby, "if no action was taken, [Plaintiff] could hold yard stales and staff would have no control." Selby responded there was no ordinance regulating yard sales. Jacobs then stated "if the zoning was approved with stipulations, the yard sale appearance could be controlled." Selby stated that was correct. Jacobs proposed to approve Plaintiff's request with the above-listed stipulations. Bob Russell seconded Jacob's motion, and Clark Wilson, LaBeth, Jacobs, and Russel voted to approve Plaintiff's request if he observed the stipulations. After the hearing, LaBeth told Plaintiff he had been the victim of race, color, national origin, and religious discrimination. He stated the Commission, Selby, and Paino were motivated by racial and religious prejudice and it was the real motivation behind the limitations. The next day after the meeting, Selby approached Plaintiff and required him to sign-off on the stipulations or the Commission would not recommend rezoning. Plaintiff complained to Selby, MacComber and LaBeth about the Commission's decision.

"Pawsitive Animal Works" located at 901 South Baltimore Street, "Ratliff Reed" located at 1000 South Baltimore Street, and the Law Offices of James M. Garrett located at 716 South Baltimore, are all businesses zoned as low density corridor zones and permitted the use of detached signs that are owned and operated by non-Muslim, non-Iranian, Caucasian individuals. After the meeting and Plaintiff's complaint to Selby, MacComber and LaBeth, Selby inspected Plaintiff's property more regularly and with greater scrutiny. On July 11, 2014, Selby mailed a letter to Plaintiff threatening to fine him if he fails to remove flowers from his property, which Selby mistook for weeds. Additionally, prior to the meeting, Plaintiff and LaBeth had entered into a real estate contract whereby LaBeth was granted the exclusive right to sell Plaintiff's

property located at 516 East Jefferson Street. After the meeting, in September 2014, LaBeth had the opportunity to sell the property but refused to close the deal. In the days following the failed sale, LaBeth informed Plaintiff he would be unable to fulfill the contract and desired to terminate the agreement.

Plaintiff asserts four counts against Defendants. In Count I, Plaintiff asserts Defendants violated 42 U.S.C. § 1983 by depriving Plaintiff of equal protection of the law in violation of the Fourteenth Amendment. In Count II, Plaintiff asserts Defendants conspired to interfere with Plaintiff's civil rights under the Fourteenth Amendment in violation of 42 U.S.C. § 1985(3). In Count III, Plaintiff alleges Defendants failed to prevent a conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1986. In Count IV, Plaintiff alleges an unlawful discriminatory practice in violation of Missouri Revised Statute § 213.070, claiming Defendants retaliated against him for filing a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and Equal Employment Opportunity Commission ("EEOC"), and for refusing to agree to the Commission's stipulations for rezoning Plaintiff's property. In Count V, Plaintiff alleges Defendant LaBeth committed an unlawful discriminatory practice in violation of Missouri Revised Statute § 213.070, claiming LaBeth retaliated against him for filing a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and Equal Employment Opportunity Commission ("EEOC"), and for refusing to agree to the Commission's stipulations for rezoning Plaintiff's property. In Count VI, Plaintiff alleges Defendants denied him his equal rights under the law in violation of 42 U.S.C. § 1981. Plaintiff requests the Court declare the proposed stipulations on the zoning of Plaintiff's property unconstitutional, require Defendants to rezone Plaintiff's property without stipulations not contained in the Kirksville Municipal Code, award Plaintiff compensatory and punitive damages, attorneys' fees and costs,

and other such relief the Court deems appropriate. Defendants now seek to dismiss Plaintiff's claims on Counts I, II, III, and VI.

**II.      STANDARD**

Under FRCP 12(b)(1), a party may move to dismiss a claim for "lack of subject-matter jurisdiction." The first step is determining if the 12(b)(1) motion is a facial or factual attack. *Osborn v. United States,* 918 F.2d 724, 729 (8th Cir.1990). A facial attack is a motion attacking the complaint on its face while a factual attack is based on the existence of subject matter jurisdiction apart from any pleadings. *Id.* at 729 n. 6. Defendants have made a facial attack, thus the Court will only look at the pleadings and apply the same standard and protections as if this was a Rule 12(b)(6) motion. *Id.*

Under FRCP 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of FRCP 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." To meet this standard and to survive a FRCP 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Courts must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (internal citation omitted). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010).

## III. DISCUSSION

Defendants make three arguments in their Motions to Dismiss. First, they assert the Court lacks subject matter jurisdiction because the matter is not ripe for adjudication due to the lack of a final zoning decision from the Kirksville City Council. Second, they contend Plaintiff failed to state claims in Counts II and III because Plaintiff fails to allege Defendants had a meeting of the minds, a requirement to establish a conspiracy. Third, Defendants argue Plaintiff's claim under Count VI is duplicative of his claim under Count I because a claim brought pursuant to 42 U.S.C. § 1981 against state actors can only be pursued under 42 U.S.C. § 1983. The Court will address each argument as follows.

### A. *Subject Matter Jurisdiction*

Defendants assert the Court lacks subject matter jurisdiction. According to Defendants, the Kirksville City Council ("City Council") has the authority to make a final decision as to rezoning a property, not the Commission, and the City Council has not made a final decision on whether to rezone Plaintiff's property. Therefore, Defendants argue, the matter is not ripe for adjudication.

The rationale of the ripeness doctrine is to "prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580 (1985) (quoting *Abbott Lab. v. Gardner*, 387 U.S. 136, 148 (1967)). Two factors affect ripeness, the fitness of the issue for judicial decision and the hardship to the parties of withholding court consideration. *Abbot Lab.*, 387 U.S. at 149.

7

Defendants assert Plaintiff can only challenge the final decision by the local legislative body, the City Council, through a plenary action before the Court. Missouri appellate courts have stated rezoning decisions are considered legislative acts, not quasi-judicial acts, and review of a rezoning decision is initiated by a plenary action such as a request for a declaratory judgment rather than through a direct appeal to a trial court. *See Hoffman v. City of Town and Country*, 831 S.W.2d 223, 224 (Mo. Ct. App. 1992). While Defendants are correct as to the law, Plaintiff is not challenging a final decision or the actions of the City Council. He is challenging the actions and recommendation of the Commission. Plaintiff alleges the Commission acted outside of its authority and in doing so, violated Plaintiff's equal protection rights under the Fourteenth Amendment. Plaintiff alleged the Commission had made a final decision as to whether to recommend Plaintiff's property for rezoning. Therefore, Plaintiff can challenge the Commission's actions and recommendation. This matter is ripe for adjudication.

However, a determination Plaintiff's property must be rezoned by the City Council is not ripe for adjudication. The City Council has not made a final decision as to whether to rezone Plaintiff's property. Based on the materials submitted with Plaintiff's Complaint, Plaintiff withdrew his application for rezoning before the City Council could make a final determination. At this point, the issue of whether Plaintiff's property should be rezoned by the City Council is still an abstract disagreement as the City Council has made no determination and has not had the opportunity to do so. Therefore, while Plaintiff's claims against the Commission may proceed, his requested injunctive relief to have his property be rezoned cannot.

    B.    *Failure to State a Claim in Counts II and III*

Defendants assert Counts II and III of Plaintiff's Complaint must be dismissed for failure to state a claim for relief because Plaintiff has not alleged facts to establish all of the elements of

8

the claims. Plaintiff's Count II is a claim Defendants conspired to interfere with Plaintiff's civil rights under the Fourteen Amendment in violation of 42 U.S.C. § 1985(3) and Count III is Plaintiff's claim Defendants failed to prevent a conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1986. Defendants argue Plaintiff has failed to allege an agreement between the Defendants or a meeting of the minds which is required to establish a conspiracy. According to Defendants, because Plaintiff fails to state a claim in Count II, Count III also fails because a § 1985 claim is a predicate to a claim under § 1986.

To establish a claim pursuant to 42 U.S.C. § 1985, a plaintiff must show the following: 1) the defendants conspired, 2) with the intent to deprive the plaintiff of equal protection of the laws or equal privileges and immunities, 3) an act in furtherance of the conspiracy, and 4) the plaintiff, or his property, was injured or deprived of exercising a right or privilege of a citizen of the United States. *Rodgers v. Univ. of Mo. Bd. of Curators*, 56 F.Supp.3d 1037, 1054-55 (E.D. Mo. 2014). "A conspiracy claim requires evidence of specific facts that show a 'meeting of the minds' among conspirators." *Barstad v. Murray Cty.*, 420 F.3d 880, 887 (8th Cir. 2005)(quoting *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988)). Conclusory allegations are not enough, specific facts need to be alleged. *Kaminsky v. Missouri*, No. 4:07-CV-1213 (JCH), 2007 WL 2994299 at *6 (E.D. Mo. Oct. 11, 2007) (citing *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992)).

Plaintiff has alleged sufficient facts of a conspiracy to survive a motion to dismiss. Plaintiff alleged Paino communicated with LaBeth and urged him to deny the application, LaBeth communicated this information to the Commission, and then the Commission had a conversation and came to an agreement to place stipulations on Plaintiff's property for the rezoning application to be approved. Further, Plaintiff alleged a member of the Commission

9

abstained from voting because she believed the limitations were racially motivated. These allegations are sufficient to establish a meeting of the minds between the members of the Commission. Therefore, the Court will not dismiss Count II of Plaintiff's Second Amended Complaint.

Because Count II is not dismissed, Count III also will not be dismissed. A claim brought pursuant to 42 U.S.C. § 1986 alleges a party, who knows a § 1985 deprivation will occur, has the power to prevent it but fails to do so. *Rodgers*, 56 F.Supp.3d at 1055. To state a claim for a violation of § 1986, a plaintiff must first state a claim for a violation of § 1985. *Id*. Defendants' argument to dismiss Count III is Plaintiff had failed to state a claim in Count II for a violation of § 1985. Therefore, because the Court has determined Plaintiff's claim in Count II is sufficient to survive a motion to dismiss, Count III need not be dismissed.

  C. *Duplicative Counts I and VI*

Defendants assert Count VI of Plaintiff's Second Amended Complaint is duplicative of Count I because a § 1981 claim against state actors can only be brought under § 1983. Therefore, according to Defendants, Count VI must be dismissed pursuant to FRCP 12(b)(6). Count VI of Plaintiff's Complaint alleges Defendants denied Plaintiff his equal rights under the law in violation of 42 U.S.C. § 1981. Count I is brought pursuant to 42 U.S.C. § 1983 and alleges Defendants violated Plaintiff's right to equal protection under the Fourteenth Amendment.

"A federal action to enforce rights under § 1981 against a state actor may only be brought pursuant to § 1983." *Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989)). Section 1983 is the exclusive damages remedy for a § 1981 claim against state actors. *Id*. Thus, the claims against Defendants in their official capacities in Count VI must be dismissed as they are properly

brought in Count I of Plaintiff's Second Amended Complaint. Count VI against Defendants in their individual capacities need not be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants City of Kirksville, Missouri and Brad Selby's Motion to Dismiss Counts I, II, III, and VI of Plaintiff's Second Amended Complaint [ECF No. 55] is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants Mary Macomber, Bob Russel, Mike LaBeth, David Jacobs, and Clark Wilson's Motion to Dismiss Counts I, II, III, and VI of Plaintiff's Second Amended Complaint [ECF No. 68] is **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiff's request for injunctive relief to require Plaintiff's property be rezoned with no stipulations not delineated within the Kirksville Code is **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED** that Count VI of Plaintiff's Second Amended Complaint against Defendants in their official capacities is **DISMISSED**, with prejudice.

Dated this 11th Day of March, 2016.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE