UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| AMIR HAMIDI, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 2:14CV00087 ERW |
| | ) | |
| CITY OF KIRKSVILLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Leave to File Plaintiff's Third Amended Complaint [ECF No. 76].

I.  **BACKGROUND**

Plaintiff Amir Hamidi ("Plaintiff") initiated this lawsuit by filing a complaint on September 2, 2014 [ECF No. 1]. On February 27, 2015, Plaintiff filed an Amended Complaint [ECF No. 16]. On October 21, 2015, the Court granted Plaintiff leave to file a Second Amended Complaint adding additional defendants and claims [ECF No. 50]. The remaining defendants in the Second Amended Complaint are City of Kirksville, Missouri, Brad Selby, Mari MaComber, Bob Russel, Mike LaBeth, David Jacobs, and Clark Wilson ("Defendants"). An amended case management order was entered on December 1, 2015 [ECF No. 53]. On April 15, 2016, Plaintiff filed the pending Motion for Leave to File Plaintiff's Third Amended Complaint [ECF No. 76]. Plaintiff seeks to add a new claim against current Defendant Michael LaBeth and to add a new defendant, Heritage House Realty, Inc. Plaintiff's new claim asserts Defendant LaBeth and Heritage House Realty, Inc. retaliated against Plaintiff for filing a complaint with the Missouri

Commission on Human Rights.

## II. STANDARD

Federal Rule of Civil Procedure 15(a) governs amendment of pleadings. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Under Rule 15(a), when leave to amend is not sought "as a matter of course,"- i.e., before being served with a responsive pleading or within 20 days after serving the pleading if no responsive pleading is allowed and trial has not yet been set, *see* Fed. R. Civ. P. 15(a)(1) - leave to amend pleadings should still be "freely given when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). Even under this standard, however, "[a] district court appropriately denies the movant leave to amend if 'there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.' " *Sherman*, 532 F.3d at 715 (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005); *Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007).

Where a party seeks leave to amend a complaint after the deadline in the applicable case management order has passed, the FRCP Rule 16(b) good-cause standard applies first, then the "when justice so requires" standard of Rule 15(a) applies. *Sherman*, 532 F.3d at 716. Rule 16(b) governs the issuance and modification of pretrial scheduling orders while Rule 15(a) governs amendment of pleadings. Fed. R. Civ. P. 16(b) and 15(a). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716 (*quoting Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). If a party has been diligent in meeting the scheduling order's deadlines, the Court should then decide if the amendment is proper under Rule 15(a) including if there is prejudice to the other parties. *Id*., at 716-17. Good

2

cause requires a change in circumstance, law, or newly discovered facts. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012).

III. **DISCUSSION**

Plaintiff asserts he is entitled to amend his complaint for a third time stating there has not been undue delay because he received his right to sue letter relating to the new claims from the Missouri Commission on Human Rights on April 5, 2016. Additionally, he argues Defendants will not be prejudiced because the claims are factually related. Lastly, he contends the amendment will not be futile. Defendants assert Plaintiff is well past the August 13, 2015, deadline for joinder of additional parties and Plaintiff has not conducted any discovery or disclosed any experts even though the deadline for completion of all discovery was April 15, 2016. Further, Defendants argue Heritage House Realty, Inc. is not a necessary party, the allegations concern a completely different property, and they will be severely prejudiced if such an amendment is allowed. Plaintiff replies he did not conduct discovery to save resources.

Neither party addresses Rule 16's "good cause" standard but it is where the Court must start its analysis. The Amended Case Management Order required all discovery to be completed and all non-dispositive motions to be filed by April 15, 2016, and dispositive motions, such as a motion for summary judgment, to be filed by May 15, 2016. Trial is scheduled to begin August 8, 2016. Plaintiff has failed to meet these deadlines. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716 (*quoting Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Plaintiff has not conducted any discovery. He claims this was to conserve resources and not conduct discovery, but this reasoning fails to persuade the Court. Plaintiff could have used this time wisely and conducted discovery against the current defendants, relating to the current claims. Plaintiff could have

3

explained to Defendants more discovery would be forthcoming when new parties were added. Another option would have been for Plaintiff to ask the Court to stay the case pending issuance of the right to sue letter. Instead, this matter has been pending since September 2, 2014, and Plaintiff wants to, essentially, start anew. This would result in severe prejudice to Defendants. Although Defendants may not have expended resources in responding to Plaintiff's discovery, they have expended resources in responding to amended complaints and complying with amended case management orders. Additionally, Defendants have an interest in a speedy resolution of this dispute. Allowing Plaintiff's amendment would require new deadlines for discovery, dispositive motions, and a further delay of the trial date. The Court will not allow this matter to be restarted a third time without good cause. Plaintiff has not established "good cause" under Rule 16, or "as justice so requires" under Rule 15, because Plaintiff's amendment will cause undue prejudice to Defendants.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Plaintiff's Third Amended Complaint [ECF No. 76] is **DENIED**.

So Ordered this 19th day of May, 2016.

                                                    **E. RICHARD WEBBER**
                                                  **SENIOR UNITED STATES DISTRICT JUDGE**