UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| AMIR HAMIDI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:14CV00087 ERW |
| | ) | |
| CITY OF KIRKSVILLE, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants City of Kirksville, Missouri, David Jacobs, Mike LaBeth, Mari MacComber, Bob Russel, Brad Selby, and Clark Wilson's Motion for Summary Judgment [ECF No. 80] and Plaintiff Amir Hamidi's Motion for Leave to Amend the Complaint to Conform with the Evidence [ECF No. 94].

## I.  BACKGROUND

Plaintiff Amir Hamidi ("Plaintiff") initiated this lawsuit by filing a complaint on September 2, 2014 [ECF No. 1]. On December 2, 2015, Plaintiff filed a Second Amended Complaint ("Second Amended Complaint") [ECF No. 54]. Pursuant to Defendant City of Kirksville, Missouri, David Jacobs, Mike LaBeth, Mari MacComber, Bob Russel, Brad Selby, and Clark Wilson's ("Defendants") Motions to Dismiss, Count VI against Defendants in their official capacities was dismissed, with prejudice. On May 16, 2016, Defendants filed the pending Motion for Summary Judgment requesting the Court grant summary judgment in favor of Defendants on all of Plaintiff's claims. The undisputed facts are as follows.

Plaintiff immigrated to the United States from Iran in 1976. He settled in the City of Kirksville, Missouri ("Kirksville") and graduated from what is now Truman State University. In

the late 1990s, Plaintiff opened a second-hand goods resale shop. After closing the shop for a number of years, he reopened in 2008. This shop is located at 508 North Marion. Including his shop, Plaintiff owns five properties in Kirksville. Since 2008, for all five of his properties, Plaintiff states he has received a total of five citations or compliance letters from Kirksville for various property maintenance issues.

Plaintiff decided to relocate his resale shop, Old and New Furniture, from its current location at 508 North Marion to 1010 East Normal after the highway bypass around Kirksville, built in 2010, caused diminished business and lost income. The property at 1010 East Normal is located at the intersection of East Normal and Baltimore Street. Plaintiff has "mostly not" acquired any new items for his resale shop. On February 20, 2013, Plaintiff submitted an application to rezone his property at 1010 East Normal from residential to CP-1, planned local business, or as a Low Density Corridor Zone ("LDCZ") to allow him to move his resale shop.

The Kirksville Planning and Zoning Commission ("Commission") received eleven letters in opposition to Plaintiff's rezoning application from other Kirksville residents. Ten individuals appeared in person at a public meeting of the Commission on April 10, 2013, to voice opposition to the application. Residents opposed the rezoning due to traffic concerns and a desire not to have items for sale outside on the property. The Commission voted to recommend the City Council approve Plaintiff's application subject to certain stipulations on the property. These stipulations include: (1) keep all items for sale inside the building; (2) attach any advertising sign to the building only; (3) meet city requirements for the driveway and parking; (4) if parking lot lights are used, low wattage lights will be required outside; and (5) provide a six-foot privacy fence if requested by neighbors of the property. On April 12, 2013, Plaintiff formally withdrew his application for rezoning. Consequently, the property was not rezoned. Plaintiff has not made

any other attempts to rezone his property at 1010 East Normal nor has he made any efforts to relocate his resale shop to another location.

Other properties in Kirksville have been rezoned with stipulations. "Pawsitive Animalworks," located at 901 South Baltimore Street, was rezoned in July 2007, from District R-1 Single Family Residential Zone to District LDCZ. The rezoning was approved with the following stipulations: (1) all parking is to be off-street with at least five spaces available; (2) a no parking sign is to be posted at the Northeast corner of the property stating "No parking on street here back to corner"; (3) the property can only be used for a service-type business of a similar nature; and (4) no more than five dogs may be boarded overnight at the business. "Ratliff Reed," a business located at 1000 South Baltimore Street, was rezoned in 1995 from District R-1 Single Family Residential Zone to District LDCZ with the following stipulations: (1) landscaping, storm water, final building plans, and site screen must be reviewed and accepted by the Code administrator prior to building permit; (2) construction of a privacy fence and parking must be shown on the development plan; (3) the City shall place "no parking in alley" signs at the appropriate locations; and (4) the owner shall place and maintain surface striping on the alley's boundaries as to its location in respect to the owner's project. These businesses are permitted to have detached signs.

Plaintiff asserts six counts against Defendants. In Count I, Plaintiff asserts Defendants violated 42 U.S.C. § 1983 by depriving Plaintiff of equal protection of the law in violation of the Fourteenth Amendment of the United States Constitution. In Count II, Plaintiff asserts Defendants conspired to interfere with Plaintiff's civil rights under the Fourteenth Amendment in violation of 42 U.S.C. § 1985(3). In Count III, Plaintiff alleges Defendants failed to prevent a conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1986. In Count IV, Plaintiff

3

alleges an unlawful discriminatory practice in violation of Missouri Revised Statute § 213.070, claiming Defendants retaliated against him for filing a charge of discrimination with the Missouri Commission on Human Rights ("MCHR") and Equal Employment Opportunity Commission ("EEOC"), and for refusing to agree to the Commission's stipulations for rezoning Plaintiff's property. In Count V, Plaintiff alleges Defendant LaBeth committed an unlawful discriminatory practice in violation of Missouri Revised Statute § 213.070, claiming Defendant LaBeth retaliated against him for filing a charge of discrimination with the MCHR and EEOC, and for refusing to agree to the Commission's stipulations for rezoning Plaintiff's property. In Count VI, Plaintiff alleges Defendants denied him his equal rights under the law in violation of 42 U.S.C. § 1981. In his Second Amended Complaint, Plaintiff requested the Court declare the proposed stipulations on the zoning of Plaintiff's property unconstitutional, require Defendants to rezone Plaintiff's property without stipulations not contained in the Kirksville Municipal Code, award Plaintiff compensatory and punitive damages, attorneys' fees and costs, and other such relief the Court deems appropriate.

## II. STANDARD

A court shall grant a motion for summary judgment only if the moving party shows "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). By definition, material facts "might affect the outcome of the suit under the governing law," and a genuine dispute of material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a

complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The moving party bears the initial burden of proof in establishing "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). The moving party must show that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party must then set forth affirmative evidence and specific facts that demonstrate a genuine dispute on that issue. *Anderson*, 477 U.S. at 250. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing that a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c)(1); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden and survive summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must demonstrate sufficient favorable evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential

element of a claim." *Id.* The Court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009).

## III. DISCUSSION

Defendants ask the Court to grant summary judgment in their favor on all counts in Plaintiff's Second Amended Complaint. Defendants assert Count I against Kirksville fails because Plaintiff cannot establish the allegedly discriminatory actions were the result of an official policy or custom. For this same reason, Defendants claim Count I fails against the individual Defendants in their official capacities. Defendants also contend Count I against Defendants in their individual capacities fails because Plaintiff lacks any evidence of intentional discrimination. According to Defendants, Counts II and III, claims asserting violations of 42 U.S.C. §§ 1985, 1986, fail because Plaintiff is unable to establish all of the elements of the claims. Defendants assert Counts IV and V fail because Plaintiff lacks any evidence of a causal link between the allegedly adverse actions taken by Defendants and the charges of discrimination filed by Plaintiff to establish a violation of Missouri Revised Statute § 213.070. Finally, Defendants claim Count VI, a claim for a violation of 42 U.S.C. § 1981 fails as a matter of law because Plaintiff lacks evidence of discriminatory intent.

### A. *Statement of Material Facts*

Before addressing the substantive claims in Defendants' Motion, the Court must first address Plaintiff's response to Defendants' Statement of Material Facts. In response to many of Defendants' material facts and in asserting many of his own material facts, Plaintiff cites to his own affidavit which states the following: "I hereby swear upon my oath that all facts described and attributed to me and to my personal knowledge in my Response to Defendants' Motion for

6

Summary Judgment, and Response and Objections to Defendants' Statements of Uncontroverted Facts and Plaintiff's Additional Facts are true to the best of my knowledge and belief." ECF No. 91-21. There are no facts contained in the affidavit itself.

Federal Rule of Civil Procedure 56(c)(4) requires an affidavit in support of a motion for summary judgment must set forth facts that would be admissible in evidence and show the affiant is competent to testify on the matters stated. "In evaluating evidence related to possible summary judgment, a court may not consider affidavits that do not satisfy the requirements of" Federal Rule of Civil Procedure 56. *El Deeb v. Univ. of Minn.*, 60 F.3d 423, 429 (8th Cir. 1995). Specific facts must be contained in the affidavit, which Plaintiff did not do. Therefore, the Court cannot consider Plaintiff's facts which are supported solely by Plaintiff's affidavit. Furthermore, "[c]onclusory affidavits, standing alone, cannot create a genuine issue of material fact precluding summary judgment." *Rose-Maston v. NME Hospitals, Inc.*, 133 F.3d 1104, 1109 (8th Cir. 1998) (citations omitted).

   B. *Equal Protection Claims*

In Count I of Plaintiff's Second Amended Complaint, he asserts Defendants violated Plaintiff's right to equal protection of the law in violation of the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983, by intentionally and arbitrarily imposing different limitations on his use of his property from every other LDCZ owner. This claim is asserted against all Defendants, including the individual defendants in their official and individual capacities. Defendants argue Plaintiff cannot establish a § 1983 claim against Defendant Kirksville for a violation of his equal protection rights because he cannot establish the allegedly discriminatory actions were the result of an official policy or custom. In response, Plaintiff asserts the policy or custom at issue is Defendants' continual violation of the Kirksville

7

Municipal Code ("Code") when approving rezoning applications. Defendants further argue Plaintiff cannot establish a violation of the Equal Protection Clause because he cannot prove intentional discrimination.

The Equal Protection Clause of the Fourteenth Amendment prohibits government officials from selectively applying the law in a discriminatory manner. *Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir. 1999). A plaintiff must prove unlawful, purposeful discrimination. *Id*. A plaintiff may bring an equal protection claim as a member of a protected class or as a class of one where he proves he has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Pitts v. City of Cuba*, 913 F. Supp. 2d 688, 704 (E.D. Mo. 2012).

A government entity is not liable for an employee's actions solely on the basis of an employer and employee relationship. *Monell v. Dep't of Social Serv. of City of New York*, 436 U.S. 658, 692 (1978). Instead, to establish a municipality's liability, a plaintiff must prove his "constitutional rights were violated by an action pursuant to an official municipal policy or misconduct so pervasive among non-policy making employees of the municipality as to constitute a custom or usage with the force of law." *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998). An official policy is a deliberate choice to follow a course of action by an official who has the final authority to establish policy. *Id*. Custom or usage is established by proving "(1) the existence of a continuing widespread, persistent pattern of unconstitutional misconduct by the [municipality's] employees; (2) deliberate indifference to or tacit authorization of such conduct by the [municipality's] policymaking officials after notice to the officials of that misconduct; and (3) the plaintiff's injury by acts pursuant to the [municipality's]

custom, i.e. proof that the custom was the moving force behind the constitutional violation." *Id*. (citing *Harris v. City of Pagedale*, 821 F.2d 499, 504-07 (8th Cir. 1987)).

In this matter, Plaintiff is unable to establish liability for Defendant Kirksville because he is unable to prove the allegedly unconstitutional conduct was pursuant to an official policy or custom. Plaintiff does not assert there is an official policy already established. Further, the Commission is not the final authority in Kirksville to create policy. Kirksville, Mo., Code Appendix A, Art. XXIII § 25-121(b). Plaintiff argues a single action can constitute an act of official government policy. This is true, but it applies only for a single decision by municipal policymakers. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986). The Commission may approve the application for rezoning but it is then sent to the Kirksville City Council for further action. Kirksville, Mo., Code Appendix A, Art. XXIII § 25-121(b). The municipal policymaker, here, is the City Council, not the Commission.

Plaintiff is also unable to establish the alleged actions were pursuant to a custom of Kirksville. To establish a custom of the municipality, Plaintiff needs to show a widespread, persistent pattern of unconstitutional conduct. *Ware*, 150 F.3d at 880. Plaintiff argues the Commission's failure to follow the Code constitutes a custom. Plaintiff contends the Commission has no discretion to approve a zoning application, must approve an application if it meets the minimum zoning requirements, and is not permitted to add stipulations to approval of an application. Plaintiff's argument is essentially the Commission has no discretion in approving a rezoning application.

The Code does not require the Commission to approve a zoning application. It establishes a minimum set of requirements for a zoning application to be approved, but does not contain language requiring an application be approved. The Code states the following in regard to a

9

zoning request:

> (a) A point value system is hereby established for use by the planning and zoning commission and the zoning administrator in determining whether or not to recommend approval of a particular rezoning request to the city council. Recommendation to the city council to approve a particular zoning request will not be given by the planning and zoning commission or the zoning administrator unless the minimum requisite number of points is accumulated.

Kirksville, Mo., Code Appendix A, Art. XXIII § 25-119. The Code further states,

> [t]he planning and zoning commission shall hold a public hearing on the zoning application, including the plan as provided by law. At such time as the development plan meets with the approval of the commission, the same shall be duly approved, properly endorsed and identified and sent on to the council for action.

Kirksville, Mo., Code Appendix A, Art. XXIII § 25-121. The Code sets forth minimum requirements. It does not state the Commission cannot include stipulations when approving a property to be rezoned. The only requirement the Code places on the Commission is to send the application to the City Council once it has been approved by the Commission. Plaintiff's citations to the Code do not stand for the propositions he asserts. The Code does not require the Commission to approve every rezoning application that meets the minimum requirements of the Code.

Additionally, to establish a custom, Plaintiff must prove a pattern of unconstitutional conduct. A violation of the law does not always equal a violation of the Constitution. Plaintiff needs to prove a pattern of equal protection violations, but did not do so. In the past, the Commission has put stipulations on other properties prior to approving a rezoning application. However, as the Court stated, the Code does not prohibit the Commission from adding stipulations when approving a rezoning application. Furthermore, even if this was a violation of the Code, Plaintiff has not provided any support for his assertion these violations of the Code are repeated violations of the Equal Protection Clause so as to establish a municipal custom or usage.

10

Plaintiff has not established municipal liability because he has no evidence the allegedly discriminatory actions at issue were pursuant to an official policy or custom of Kirksville. Because Plaintiff cannot establish municipal liability, the claims against the individual Defendants in their official capacities must also be dismissed. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.").

Even if Plaintiff had established an official policy or custom, his claim would still fail because he is unable to establish an equal protection violation. To be similarly situated for an equal protection claim, "the persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects." *Robbins v. Becker*, 794 F.3d 988, 996 (8th Cir. 2015) (quoting *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010)). Plaintiff cannot establish he is similarly situated to others nor can he establish he was treated differently. Plaintiff asserts he was treated differently because he would not be allowed to install a detached sign and he would be denied the ability to conduct yard sales.

The properties Plaintiff claims are similarly situated are "Pawsitive Animalworks" located at 901 South Baltimore Street, "Ratliff Reed" located at 1000 South Baltimore Street, the Law Offices of James M. Garrett located at 716 South Baltimore Street, a property at 501 South Baltimore Street, the law firm Frick and Cudiff, PC located at 2211 East Normal Street, and an American Family Insurance office located at 1503 East Illinois Street. Plaintiff claims these properties are all zoned LDCZ and permitted to have detached signs. However, Plaintiff fails to establish how these properties are similarly situated to his. He does not show if these properties were rezoned from residential properties like his own, if conditions were placed on these properties when rezoned, if the surrounding properties are residential, or if there were any

protests against the rezoning at a public hearing. Furthermore, Plaintiff does not show any evidence of the characteristics of the property owners such as whether they are members of his protected class.[1] He has not shown these properties are identical or directly comparable to his.

Two of these properties were rezoned with additional stipulations. "Pawsitive Animalworks" had four stipulations when its rezoning application was approved: (1) all parking must be off-street with at least five spaces available; (2) a no parking sign is to be posted at the Northeast corner of the property; (3) the property can only be used for a service-type business of similar nature in the future; and (4) no more than five dogs may be boarded overnight at the business. "Ratliff Reed" also had four stipulations when its rezoning application was approved: (1) landscaping, storm water, final building plans, and site screen must be reviewed and accepted by the Code Administrator prior to a building permit; (2) construction of a privacy fence and parking must be shown on the development plan; (3) the City shall place no parking signs at appropriate locations; and (4) the owner shall place and maintain surface striping on the alley's boundaries. Although these businesses were permitted to have detached signs, they were treated similarly to Plaintiff in that stipulations were placed on the property to address concerns related to the rezoning of the property. There is simply no evidence of intentional discrimination against Plaintiff. He has failed to establish a violation of the Equal Protection Clause on behalf of Kirksville or the individual Defendants. Therefore, the Court will grant summary judgment to Defendants on these claims.

C. *42 U.S.C. §§ 1985, 1986*

In Count II, Plaintiff asserts Defendants conspired to interfere with his civil rights under the Fourteenth Amendment in violation of 42 U.S.C. § 1985 because they placed allegedly

---

[1] It is unclear if Plaintiff is pursuing a claim as a member of a protected class or as a class of one. Either way, the result is the same.

arbitrary limitations on his property, not required of other LDCZ properties. Similarly, in Count III, Plaintiff alleges Defendants failed to prevent a conspiracy to interfere with his civil rights in violation of 42 U.S.C. § 1986. Defendants argue Plaintiff cannot establish the essential elements of either a § 1985 or a § 1986 claim.

A claim for damages caused by a conspiracy aimed at damaging a person or property, or denying a person a federal right or privilege may be brought pursuant to 42 U.S.C. § 1985. To establish a claim that his rights or privileges were denied, a plaintiff must show the defendants conspired with the intent to deprive, directly or indirectly, a plaintiff of his right to equal protection, privileges or immunities under the law, to act in furtherance of the conspiracy and that the plaintiff was injured or deprived of a right or privilege. *Rodgers v. Univ. of Mo. Bd. of Curators*, 56 F. Supp. 3d 1037, 1054 (E.D. Mo. 2014) (citing *Barstad v. Murray Cnty*, 420 F.3d 880, 887 (8th Cir 2005) and *Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996), *aff'd per curiam* 634 Fed. App'x 598 (8th Cir. 2015)). A conspiracy claim requires evidence of specific facts showing a meeting of the minds of the conspirators. *Barstad v. Murray Cnty*, 420 F.3d 880, 887 (8th Cir. 2005).

Plaintiff does not point to specific facts showing an illicit agreement among Defendants to violate Plaintiff's rights. Working together at the public hearing as part of their duties as commissioners is not enough evidence to establish a genuine issue of material fact regarding the existence of a conspiracy. *See Johnson v. City of Shorewood, Minn.*, 360 F.3d 810, 817-818 (8th Cir. 2004) (evidence suggesting municipal defendants and private actors worked together on a project is not enough to establish a genuine issue of material fact regarding the existence of a conspiracy). Because Plaintiff cannot create a genuine issue of material fact showing Defendants conspired with the intent to deprive Plaintiff of his rights, summary judgment will be granted in

favor of Defendants on this claim. Count II will be dismissed.

Title 42 U.S.C. § 1986 allows an action against a party who knows a § 1985 deprivation will occur, has the power to prevent it, and fails to do so. *Rogers*, 56 F. Supp. 3d at 1055. A § 1986 claim is predicated on a successful showing of a claim under 42 U.S.C. § 1985. *McIntosh v. Ark. Republican Party-Frank White Election Comm.*, 766 F.2d 337, 340 (8th Cir. 1985). Because Plaintiff cannot establish a § 1985 claim, his § 1986 claim must also be dismissed. Count III will be dismissed.

### D. *Missouri Revised Statute § 213.070*

In Count IV, Plaintiff asserts Defendants retaliated against him for filing a complaint with the MCHR in violation of Missouri Revised Statute § 213.070, when they allegedly harassed him by inspecting his property more regularly and with greater scrutiny than others and mailed a letter threating to fine Plaintiff for growing flowers on his property. Similarly, in Count V, Plaintiff asserts Defendant Mike LaBeth, also a real estate agent, retaliated against him by allegedly refusing to sell Plaintiff's property along with a neighboring property, even though he was under contract to sell Plaintiff's property and Defendant LaBeth terminated the agreement to sell the property. Defendants argue Plaintiff cannot establish a causal link between an allegedly adverse action and Plaintiff's charges of discrimination as required under the statute.

Missouri Revised Statute § 213.070(2) states retaliating or discriminating against a person because the person has filed a complaint regarding any actions prohibited by the Missouri Human Rights Act is an unlawful discriminatory practice. To establish a claim for retaliation, Plaintiff must show he complained of an act of discrimination, Defendants took adverse action against him for such complaint, and there is a causal relationship between the complaint and the adverse action. *Jain v. CVS Pharmacy, Inc.*, 779 F.3d 753, 760 (8th Cir. 2015).

14

There are no material facts in the record regarding this alleged retaliation by Defendants. Since 2008, Plaintiff has received five citations or compliance letters for all five of his properties regarding various property maintenance issues. There are no facts in either Plaintiff or Defendants' Statements of Material Fact establishing what was contained in these compliance letters, and whether they were received after the complaints were filed to support a causal connection between the complaint and the claimed adverse action against him. Plaintiff fails to establish the existence of an agreement between Plaintiff and Defendant LaBeth, any facts regarding this opportunity to sell 516 East Jefferson Street, or any facts about a termination of the agreement to sell. There is simply no evidence to support either of Plaintiff's retaliation claims. Defendants will be granted summary judgment on Count IV.

    *E.*    *42 U.S.C. § 1981*

In Count VI, Plaintiff alleges Defendants intentionally discriminated against him on the basis of his race by attempting to limit, frustrate, and dissuade Plaintiff from rezoning his property. Defendants argue Plaintiff's claim fails as a matter of law because Plaintiff cannot establish discriminatory intent.

Title 42 U.S.C. § 1981 protects a person's right to make and enforce contracts and purchase property without impairment due to racial discrimination. *Daniels v. Dillard's, Inc.*, 373 F.3d 885, 887 (8th Cir. 2004). To establish a claim under § 1981, a plaintiff must show membership in a protected class, the defendant's intent to discriminate on the basis of race, and the discrimination interfered with a protected activity. *Id*. There is no evidence Defendants intended to discriminate on the basis of Plaintiff's race. As stated previously, other properties were rezoned with stipulations similar, although not the exact same, as Plaintiff's. Additionally, there is no evidence to suggest Defendants' motives in adding the stipulations were because of

15

Plaintiff's race rather than to address concerns raised by citizens at the public hearing. The only admissible evidence Plaintiff puts forth is the fact Plaintiff is Iranian. Being a member of a protected class is not enough to establish a claim pursuant to § 1981. Summary judgment will be granted in Defendants' favor on this claim. Count VI will be dismissed.

      F.      *Motion for Leave to Amend to Conform with the Evidence*

Plaintiff filed a Motion for Leave to Amend the Complaint to Conform with the Evidence, in which he stated evidence submitted by Defendants raises issues not included in the pleadings but tried by express or implied consent of Defendants. Federal Rule of Civil Procedure Rule 15(a) provides the Court should "freely give leave when justice so requires." The Court may consider undue delay, bad faith or dilatory motive, failure to cure deficiencies in prior amendments, undue prejudice to the opposing party, and futility of the amendment. *Gamma-10 Plastics, Inc. v. Am. President Lines, Ltd.*, 32 F.3d 1244, 1256 (8th Cir. 1994) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). FRCP 15(b) provides a pleading may be amended during or after trial to conform with the evidence presented. "An amended pleading that 'merely amplifies some of the allegations that have been proven' should be allowed." *Gamma-10 Plastics, Inc.*, 32 F.3d at 1256 (quoting *Herrera v. Valentine*, 653 F.2d 1220, 1224 (8th Cir. 1981)). "A district court is not required to grant a motion to amend on the basis of some evidence that would be relevant to the new claim if the same evidence was also relevant to a claim originally pled." *Id*.

Plaintiff has amended his petition twice and attempted to amend his petition a third time but was denied by the Court. The Case Management Order stated the deadline for amendment of pleadings was August 13, 2015. This was not changed in the Amended Case Management Order. There is no showing there is substance to the motion except for delay of the proceedings. It is unclear how Plaintiff would like to amend the complaint to conform with the evidence, if he is

16

raising an entirely new claim or including new allegations under claims already asserted. For these reasons, the Motion to Amend will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants City of Kirksville, Missouri, David Jacobs, Mike LaBeth, Mari MacComber, Bob Russel, Brad Selby, and Clark Wilson's Motion for Summary Judgment [ECF No. 80] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Amir Hamidi's Motion for Leave to Amend the Complaint to Conform with the Evidence [ECF No. 94] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint against Defendants is **DISMISSED**, with prejudice.

Dated this 22nd Day of July, 2016.

*[signature]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE