UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| AMIR HAMIDI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14CV00087 ERW |
| ) | |
| CITY OF KIRKSVILLE, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants City of Kirksville, Missouri, David Jacobs, Mike LaBeth, Mari MacComber, Bob Russel, Brad Selby, and Clark Wilson's ("Defendants") Motion for Bill of Costs [ECF No. 118] and Defendants' Combined Motion for Attorneys' Fees as the Prevailing Party [ECF No. 123].

### I. BACKGROUND

Plaintiff Amir Hamidi ("Plaintiff") initiated this lawsuit against Defendants alleging Defendants discriminated against him in determining his property could be rezoned from residential to commercial with restrictions. The Court granted summary judgment in favor of Defendants and dismissed all of Plaintiff's claims on July 22, 2016. Defendants now seek to recover costs and attorneys' fees from Plaintiff.

### II. ANALYSIS

*a.    Bill of Costs*

Defendants, as the prevailing party, requests the Court award it costs pursuant to Federal Rule of Civil Procedure ("FRCP") 54(d)(1) for transcript and deposition costs of $2,209.21. Defendants assert Plaintiff's deposition was reasonably necessary for trial. Plaintiff argues

federal statute 42 U.S.C. §1988 trumps Rule 54(d)(1) and does not allow deposition or copying costs. According to Plaintiff, the Supreme Court, in *Fox v. Vice*, 563 U.S. 826, 832-33 (2011), held an award of fees is only available on a showing Plaintiff's claims were frivolous. Finally, Plaintiff asserts, even if costs are available, the Court should not award them because Defendants did not need to reasonably take the deposition of Plaintiff. In reply, Defendants claim the federal statute in question is not contrary to Rule 54(d)(1), as the Supreme Court held in *Marx v. General Revenue Corporation*, 133 S. Ct. 1166 (2013).

Under FRCP 54, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "A prevailing party is presumptively entitled to recover all of its costs." *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir.2005). "The losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs . . ." *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007). If the opposing party objects to the authorized costs, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). Pursuant to 28 U.S.C. § 1920, costs may be taxed for:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court may not award costs other than those authorized by § 1920 because this section "imposes rigid controls on cost-shifting in federal courts." *Brisco-Wade v.*

*Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotation omitted). Costs for transcripts of a deposition are recoverable under § 1902(2) as long as the transcript is necessarily obtained for use in a case. *Stanley v. Cottrell, Inc.*, 784 F.3d 454, 467 (8th Cir. 2015).

Plaintiff argues 42 U.S.C. § 1988 prohibits a prevailing party from collecting costs. The statute provides no such limitation. It includes three clauses, one of which addresses attorneys' fees and one which addresses expert fees. There is no mention of costs. Therefore, the Court is not limited from awarding costs pursuant to FRCP 54(d)(1) and following the dictates of § 1920. *See Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166 (2013) (holding 15 U.S.C. § 1692k(a)(3) does not displace a district court's discretion to award costs under Rule 54(d)(1) because it is not contrary to the Rule.).

Plaintiff also argues Defendants cannot recover costs because the Missouri Human Rights Act does not permit an award of costs unless there is a showing the case is without foundation. In this matter, Plaintiff filed claims under both the Missouri Human Rights Act and 42 U.S.C. § 1983. The Court is permitted to award costs under FRCP 54(d) for the § 1983 claims. Thus, it is irrelevant whether the Missouri Human Rights Act permits recovery.

The Court concludes Defendants are entitled to costs in this case. Costs are not excessive and in accordance with the costs permitted by federal law. It was reasonable and necessary for Defendants to have taken the deposition of Plaintiff in this matter. It is reasonable to assume he would have testified at trial. These costs are enumerated under the statute, and reasonable, and therefore it is appropriate for Plaintiff to pay such costs. The Court will award Defendants $2,209.21 in costs.

    b.    *Motion for Attorneys' Fees*

Defendants seek $85, 389.50 in attorneys' fees. Defendants' attorneys' fees were calculated using the lodestar method. Defendants seek $404.00 per hour for Matthew Reh's 58.4 hours of work on this matter and $285.00 per hour for Laura Bentele's 216.5 hours of work on this matter. Defendants have excluded any time associated with work on Plaintiff's state law claims. Plaintiff argues Defendants did not meet their burden in proving Plaintiff's suit was frivolous, groundless or without foundation, and Defendants have failed to demonstrate how their request for fees is reasonable.

The federal rules authorize fee-shifting to the extent permitted by statute, rule or agreement, and 42 U.S.C. §1988(b) allows for fee shifting with respect to actions brought under 42 U.S.C. §§ 1983, 1985, 1986 and 1981. This statute authorizes fee awards for both plaintiffs and defendants. *Fox v. Vice*, 563 U.S. 826, 832-33 (2011). District courts are authorized to award fees to award fees to a defendant under § 1988 "upon a finding that plaintiff's action was frivolous, unreasonable or without foundation." *Id.* (quoting *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). Defendants can also recover attorneys' fees when a plaintiff continues to litigate after it becomes clear his claim is frivolous, unreasonable or groundless. *Christianburg*, 434 U.S. at 423. Allegations, which are legally insufficient for trial, alone, are not a basis for defendants to recover attorneys' fees, as long as plaintiff has some basis for his claim. *Williams v. City of Carl Junction, Mo.*, 523 F.3d 841, 843 (8th Cir. 2008). "Finally, we are mindful of the Supreme Court's admonition to avoid '*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Id.* (quoting *Christiansburg*, 434 U.S. at 421–22).

There is no evidence to suggest at the time Plaintiff filed his complaint, it was frivolous or groundless. However, Plaintiff continued to litigate his complaint after it became clear it was

4

unreasonable. He did not conduct any discovery and at the time of summary judgment, only had his own assertions to prove his claim. Instead of seeking a stay of the Court while the Missouri Commission on Human Rights ("MCHR") completed its investigation of Plaintiff's other complaints, Plaintiff allowed litigation to continue resulting in expenditure of significant time and resources by the Court and Defendants, all while Plaintiff had no evidence to support his allegations. Therefore, the Court will award Defendants attorneys' fees for the time period after discovery closed.

The Court finds the requested rates for defense counsel to be reasonable in light of their experience and similar rates in this district. All discovery in this matter was to be completed no later than April 15, 2016. The Court will award Defendants all attorneys' fees accrued after that date. This results in an award to Defendants of $43,178.00.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants City of Kirksville, Missouri, David Jacobs, Mike LaBeth, Mari MacComber, Bob Russel, Brad Selby, and Clark Wilson's Motion for Bill of Costs [ECF No. 118] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Combined Motion for Attorneys' Fees as the Prevailing Party [ECF No. 123] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants shall be awarded $43,178.00 in attorneys' fees and $2,209.21 in costs.

Dated this 4th Day of November, 2016.

*E. Richard Webber*

———————————————————
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE